# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF SOUTH CAROLINA
# AIKEN DIVISION

| | |
|---|---|
| Wendell E. Hughes, ) <br> ) <br> Plaintiff, ) <br> ) <br> v. ) <br> ) <br> Andrew M. Saul, ) <br> Commissioner of Social Security ) <br> Administration, ) <br> ) <br> Defendant. ) <br> ) <br> ) | Civil Action No.: 1:19-cv-02362 JMC <br><br> **ORDER AND OPINION** |

This matter before the court is a review of Plaintiff Wendell E. Hughes' Motion for Extension of Time to File Plaintiff's Brief ("Extension Motion") (ECF No. 8) and the Magistrate Judge's Report and Recommendation ("Report") (ECF No. 7), recommending that the court deny Plaintiff's Extension Motion and dismiss the case with prejudice. For the following reasons, the court **ACCEPTS IN PART AND REJECTS IN PART** the Magistrate Judge's Report (ECF No. 7). Specifically, the court **REJECTS** the Report in that the court allows Plaintiff's action to continue and **GRANTS** Plaintiff's Extension Motion (ECF No. 8). Additionally, the court **ACCEPTS** the Report in that the court reduces any future attorney fees payable to Plaintiff's attorney in this case.

## I. FACTUAL AND PROCEDURAL BACKGROUND

Plaintiff Wendell E. Hughes brought this action pursuant to 42 U.S.C. § 405(g) and § 1383(c)(3) to obtain judicial review of the final decision of the Commissioner of Social Security ("Commissioner") denying his claim for Disability Insurance Benefits ("DIB"). Plaintiff filed his Complaint on August 21, 2019. (ECF No. 1.) The Commissioner filed an

1

answer and the administrative record of the underlying proceedings on December 23, 2019. (ECF Nos. 8, 9.) Pursuant to Local Civ. Rule 83.VII.04 (D.S.C.), Plaintiff's brief was due on January 22, 2020. As of the January 22, 2020 deadline, Plaintiff had neither requested an extension nor filed a brief in this matter. However, on January 23, 2020, Plaintiff filed a Motion for Extension (ECF No. 8) requesting the court to extend the deadline to file his brief and simultaneously filed his 30-page brief (ECF No. 9).

## II. LEGAL STANDARD

It is well established that a district court has authority to dismiss a case for failure to prosecute. "The authority of a court to dismiss sua sponte for lack of prosecution has generally been considered an 'inherent power,' governed not by rule or statute but by the control necessarily vested in courts to manage their own affairs so as to achieve the orderly and expeditious disposition of cases." *See Link v. Wabash R.R. Co.*, 370 U.S. 626, 630–31 (1962). In addition to its inherent authority, this court may also sua sponte dismiss a case for lack of prosecution under Fed. R. Civ. P. 41(b). *Id.* at 630.

## III. DISCUSSION

According to the Report, "Since January 2019, Plaintiff's counsel has failed to timely file briefs in at least seven *other* cases assigned to the [recommending] Magistrate Judge. *See Gregory v. Saul*, C/A No. 1:18-1834-MBS-SVH (D.S.C.); *Holloway v. Saul*, C/A No. 1:18-1828-DCN-SVH (D.S.C.), *Quinones* v. Saul, C/A No. 1:18-3561-BHH-SVH (D.S.C.), *Hardee v. Saul*, C/A No. 1:19-428-DCN-SVH (D.S.C.); *Foster v. Saul*, C/A No. 1:19-707-RBH-SVH (D.S.C.); *Tedder v. Saul*, C/A No. 1:19-1399-DCC-SVH (D.S.C.); *Edwards v. Saul*, C/A No. 1:19-1282-RBH-SVH (D.S.C.). In two of those cases, "Plaintiff's counsel failed to comply with orders informing him that failure to file briefs by revised final deadlines may result in the

cases being recommended for dismissal with prejudice for failure to prosecute." (*Id.* citing *Gregory*, C/A No. 1:18-1834- MBS-SVH at ECF Nos. 16, 18; *Holloway,* C/A No. 1:18-1828-DCN-SVH).

While the court agrees with the Magistrate Judge, that Plaintiff's brief was untimely filed and "Plaintiff's counsel's flagrant disregard for the court's deadlines" are not to be tolerated by this court, the court also acknowledges that "the district court may extend the time to file [a motion] if a party moves for an extension…and demonstrates excusable neglect or good cause to warrant an extension." *Osei v. Univ. of Maryland Univ. Coll.,* 678 F. App'x 164 (4th Cir. 2017). The determination of whether excusable neglect has been established is "at bottom an equitable one, taking account of all relevant circumstances surrounding the party's omission including: (1) the danger of prejudice; (2) the length of the delay and its potential impact on judicial proceedings; (3) the reasons for the delay which includes whether it was within the reasonable control of the party seeking to show excusable neglect; and (4) whether that party acted in good faith." *Coleman v. Blue Cross Blue Shield of Kan*., 487 F. Supp. 2d 1225, 1234–35 (D. Kan. 2007), *aff'd sub nom. Coleman v. Blue Cross Blue Shield of Kansas, Inc*., 287 F. App'x 631 (10th Cir. 2008). Moreover, "'[E]xcusable neglect' under Rule 6(b) is a somewhat 'elastic concept' and is not limited strictly to omissions caused by circumstances beyond the control of movant.' Rather, it may encompass delays 'caused by inadvertence, mistake or carelessness,' at least when the delay was not long, there is no bad faith, there is no prejudice to the opposing party, and movant's excuse has some merit." *Pioneer Inv. Servs. Co. v. Brunswick Assocs*., 507 U.S. 380, 388, 392 (1993).

Here, Plaintiff's counsel stated the following reason for his one-day delay:

> Counsel for the Plaintiff was unable to complete the Plaintiff's Brief in the above-captioned case because of an absence from the office due to delayed hearings as a

result of hearing office computer issues in Augusta, Georgia and Columbia, South Carolina.

(ECF No. 8 at 1, ¶2.)

Without deciding whether counsel's justification has merit, the court observes that the delay was *de minimis* and has not significantly impacted this judicial proceeding. Moreover, based on Plaintiff's representation to the court that "defendants will not file an objection to this motion" (ECF No. 8 at 2.), it is the court's view that Defendants have not been unduly burdened by the one-day delay. *See e.g., Lee v. ITT Standard*, 268 F. Supp. 2d 315, 330 (W.D.N.Y. 2002*), report and recommendation adopted in part sub nom. Estate of Lee v. ITT Standard*, 268 F. Supp. 2d 356 (W.D.N.Y. 2003) (court granting extension where delay was not unduly long or burdensome).

Therefore, the court accepts Plaintiff's justification for the one-day delay in filing the brief in this instance. However, while the court will not dismiss Plaintiff's entire case due to the delay, the fact that Plaintiff's attorney has, what the court perceives as, a pattern of disregard for court deadlines, any attorneys' fees potentially payable to Plaintiff's counsel as a result of this action are reduced. Indeed, the court may reduce an attorney's contingent fee from the agreed-upon amount if "counsel's delay caused past-due benefits to accumulate 'during the pendency of the case in court.'" *Mudd v. Barnhardt*, 418 F.3d 424, 427 (4th Cir. 2005) (citing *Gisbrecht v. Barnhardt*, 535 U.S. 789, 808 (2002). Additionally, because of this Circuit's strong policy of resolving issues on the merits, rather than on procedural technicalities, and in the exercise of judicial discretion, Plaintiff is granted the opportunity to continue the action. *In re SPR Corp.*, 45 F.3d 70, 74 (4th Cir. 1995).

## IV. CONCLUSION

The court **ACCEPTS IN PART AND REJECTS IN PART** the Magistrate Judge's Report (ECF No. 7). Specifically, the court **REJECTS** the Report in that the court allows Plaintiff's action to continue and **GRANTS** Plaintiff's Extension Motion (ECF No. 8). Additionally, the court **ACCEPTS** the Report in that the court reduces any future attorney fees payable to Plaintiff's attorney in this case. The case is hereby **REMANDED** to the Magistrate Judge for further review.

**IT IS SO ORDERED.**

*J. Michelle Childs*
United States District Judge

January 29, 2020
Columbia, South Carolina