# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF SOUTH CAROLINA
# AIKEN DIVISION

| | |
|---|---|
| Wendell E. Hughes, ) | |
| ) | Civil Action No.: 1:19-02362-JMC |
| Plaintiff, ) | |
| ) | **ORDER** |
| v. ) | |
| ) | |
| Andrew Saul, ) | |
| Commission of Social Security ) | |
| Administration, ) | |
| ) | |
| Defendant. ) | |
| _____ ) | |

This matter is before the court for review of the Magistrate Judge's Report and Recommendation ("Report") filed on June 5, 2020. (ECF No. 15.) The Report addresses Plaintiff Wendell E. Hughes' ("Plaintiff") claim for disability insurance benefits ("DIB") and recommends that the court affirm the decision of the Commissioner of Social Security Administration ("the Commissioner"). (*Id.* at 1.) For the reasons stated herein, the court **ACCEPTS** the Report (*id.*) and **AFFIRMS** the decision of the Commissioner.

## I.     RELEVANT BACKGROUND

The Report sets forth the relevant facts and legal standards which this court incorporates herein without a full recitation. (*See* ECF No. 15.) As brief background, Plaintiff filed an application for DIB that was denied initially and on reconsideration. (*Id.* at 2.)

After a hearing was held on February 16, 2018, an administrative law judge ("ALJ") denied Plaintiff's claim in a decision dated August 21, 2018. (*Id.*) The Appeals Council ("Council") subsequently denied Plaintiff's request for review. (*Id*.) Thus, the ALJ's decision became the final decision of the Commissioner. *Moody v. Chater*, No. 95–1066, 1995 WL 627714, at *1 (4th Cir. Oct. 26, 1995) (stating that an ALJ's decision was the final decision of the Commissioner

1

when the Council denied a request for review); *Higginbotham v. Barnhart*, 405 F.3d 332, 336 (5th Cir. 2005) (holding that the Commissioner's "final decision" includes when the Council denies a request for review). Plaintiff filed the instant action on August 21, 2019. (ECF No. 1.)

In the Report, the Magistrate Judge first concluded that the additional evidence submitted to the Council did not render the ALJ's assessment as to Plaintiff's hearing impairment unsupported by substantial evidence. (ECF No. 15 at 35.) The evidence did not show Plaintiff's speech discrimination with use of his hearing aid, was rendered prior to Plaintiff's alleged disability onset date, did not affect the validity of the ALJ's reasoning, and did not concern how Plaintiff's hearing loss affected his ability to work over the relevant period. (*Id.* at 31, 33.) Additionally, Plaintiff neglected to explain his failure to submit the evidence for the ALJ's review. (*Id.* at 33.) Second, the Magistrate Judge found that the ALJ correctly evaluated Plaintiff's ability to perform past relevant work ("PRW"). (*Id.* at 41.) The ALJ properly considered Plaintiff's and Plaintiff's wife's allegations as to work related functions Plaintiff could not perform but found that the evidence generally supported Plaintiff's ability to perform the duties of his work as a reclamation supervisor. (*Id.*) Third, the Magistrate Judge determined that the ALJ adequately explained Plaintiff's residual functional capacity ("RFC") assessment for light work because the ALJ discussed the relevant evidence and thoroughly evaluated and resolved conflicting evidence. (*Id.* at 43.) Finally, the Magistrate Judge concluded that the ALJ did not err in finding that a cane was not medically required. (*Id.* at 46.) The ALJ acknowledged Plaintiff's allegation as to cane use but cited evidence to the contrary. (*Id.*) As a result, the Report recommended that the court affirm the Commissioner's decision. (*Id.*)

The parties were apprised of their opportunity to file specific objections to the Report on June 5, 2020.  (ECF No. 15 at 48.)  On June 18, 2020, Plaintiff filed two Objections to the Report.  (ECF No. 16.)  The Commissioner replied to Plaintiff's Objections on July 2, 2020.  (ECF No. 17.)

## II.     STANDARD OF REVIEW

The Magistrate Judge's Report is made in accordance with 28 U.S.C. § 636(b)(1) and Local Civil Rule 73.02 for the District of South Carolina.  The Magistrate Judge only makes a recommendation to this court, and the recommendation has no presumptive weight.  *See Mathews v. Weber*, 423 U.S. 261, 270-71 (1976).  The responsibility to make a final determination remains with the court.  *Id.* at 271.  As such, the court is charged with making *de novo* determinations of those portions of the Report and Recommendation to which specific objections are made.  *See* 28 U.S.C. § 636(b)(1); *see also* Fed. R. Civ. P. 72(b)(3).  Thus, the court may accept, reject, or modify, in whole or in part, the Magistrate Judge's recommendation or recommit the matter with instructions.  28 U.S.C. § 636(b)(1).

The Act provides that "[t]he findings of the Commissioner of Social Security as to any fact, if supported by substantial evidence, shall be conclusive[.]"  42 U.S.C. § 405(g).  While the court is free to conduct a *de novo* review of the Report, the court's review of the Commissioner's final decision is "limited to determining whether the findings are supported by substantial evidence and whether the correct law was applied."  *Walls v. Barnhart*, 296 F.3d 287, 290 (4th Cir. 2002) (citing *Hays v. Sullivan*, 907 F.2d 1453, 1456 (4th Cir. 1990); *Preston v. Heckler*, 769 F.2d 988, 990 (4th Cir. 1985)).  "Substantial evidence has been defined innumerable times as more than a scintilla, but less than a preponderance."  *Thomas v. Celebrezze*, 331 F.2d 541, 543 (4th Cir. 1964).  When assessing whether the ALJ possessed substantial evidence, the court may not "re-weigh conflicting evidence, make credibility determinations, or substitute [its] judgment for that of the

3

[Commissioner].ˮ  *Mastro v. Apfel*, 270 F.3d 171, 176 (4th Cir. 2001) (quoting *Craig v. Chater*, 76 F.3d 585, 589 (4th Cir. 1996)).  As such, the court is tasked with a "specific and narrow" review under the Act.  *Blalock v. Richardson*, 483 F.2d 773, 775 (4th Cir. 1972).

### III.     ANALYSIS

Plaintiff first contends that the Council erred in declining to remand the case to the ALJ for consideration of new evidence documenting Plaintiff's hearing loss in light of *Meyer v. Astrue*, 662 F. 3d 700 (4th Cir. 2011) and *Sims v. Apfel*, 530 U.S. 103 (2000).  (ECF No. 16 at 1-2.)  He also asserts that the ALJ failed to sufficiently explain how Plaintiff could perform PRW.  (*Id.* at 3.)  The Commissioner claims that the court should overrule Plaintiff's Objections because "Plaintiff essentially argues that the Magistrate Judge erred in not accepting the arguments made in his initial brief" and such "issues have been fully presented in this case and addressed in detail by [the] Magistrate Judge[.]"  (ECF No. 17 at 1.)

"The purpose of magistrate review is to conserve judicial resources."  *Nichols v. Colvin*, 100 F. Supp. 3d 487, 497 (E.D. Va. 2015).  Generally, a party's objection to a magistrate judge's report must be "specific and particularized" in order to facilitate review by a district court.  *United States v. Midgette*, 478 F.3d 616, 621 (4th Cir. 2007).  "An 'objection' that does nothing more than state a disagreement with a magistrate's suggested resolution, or simply summarizes what has been presented before, is not an 'objection' as that term is used in this context."  *Aldrich v. Bock*, 327 F. Supp. 2d 743, 747 (E.D. Mich. 2004).  Thus, a *de novo* review is unnecessary for a district court to undertake when a party seeks to rehash general arguments that were already addressed in a magistrate judge's report.  *See Orpiano v. Johnson*, 687 F.2d 44, 47 (4th Cir. 1982); *Christy S. o/b/o A.S. v. Saul*, No. 7:18-CV-00191, 2019 WL 4306978, at *1 (W.D. Va. Sept. 11, 2019)

(restating arguments "does not constitute an objection for the purposes of district court review") (citation and internal marks omitted).

Here, the court concludes that Plaintiff's Objections restate arguments adequately addressed by the Report. (*See* ECF No. 15 at 20-46.) Moreover, Plaintiff's Objections substantively mirror the arguments raised in prior briefing. Like Plaintiff's Objections, Plaintiff's Brief argues that "Plaintiff's application for benefits should be remanded for administrative consideration of new evidence documenting hearing loss" under *Meyer*, 662 F. 3d 700 and *Sims*, 530 U.S. 103 and the "ALJ fail[ed] to explain how the evidence supports a finding that [Plaintiff] could perform his past work[.]" (ECF No. 9 at 13, 17, 20.)

A *de novo* review is thus unnecessary because Plaintiff has "failed to guide the [c]ourt towards specific issues needing resolution[.]" *Nichols*, 100 F. Supp. 3d at 498 (holding that a claimant failed to raise specific objections when he repeated arguments raised in his initial brief). The court declines to hear Plaintiff's rehashed arguments. *Orpiano*, 687 F.2d at 47. The court finds that the Report adequately addresses Plaintiff's Objections, is well-reasoned, and properly analyzes the issues raised by Plaintiff. *See Fray v. Berryhill*, No. 6:16-2916-TMC, 2018 WL 1224687, at *5 (D.S.C. Mar. 9, 2018) (adopting a Magistrate Judge's report in which the court concurred "with both the reasoning and the result"). Therefore, the court adopts the Report herein and overrules Plaintiff's Objections.

## IV. CONCLUSION

After a thorough review of the Report and the record in this case, the court **ACCEPTS** the Magistrate Judge's Report and Recommendation (ECF No. 15) and incorporates it herein. Accordingly, the court **AFFIRMS** the decision of the Commissioner of Social Security Administration.

**IT IS SO ORDERED.**

*J. Michelle Childs*
United States District Judge

March 4, 2021
Columbia, South Carolina